IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARK ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0868 |
| | § | |
| HOUSTON POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER AND OPINION**

Plaintiff, a state jail inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of use of excessive force during his arrest. He named as defendant the Houston Police Department. On November 18, 2010, the City of Houston, as defendant, filed a motion for summary judgment, certifying that a copy was served on plaintiff at his address of record that same day. (Docket Entry No. 14.) Despite expiration of a reasonable period of time of sixty days, plaintiff has failed to respond, or request additional time to respond, to the motion for summary judgment.

Based on a review of the pleadings, the motion and exhibits, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Factual Allegations and Claims*

Plaintiff states that, in June of 2009, he was arrested for assaulting his girlfriend. He complains that Houston Police Department officers used excessive force and caused him

physical injury during the arrest. He names as defendant the Houston Police Department, and seeks unspecified monetary damages.

*Analysis*

In moving for summary judgment, the City of Houston correctly argues that the Houston Police Department is not a separate legal entity capable of being sued, and that the proper entity for suit is the municipality of the City of Houston.

It is well established that municipal liability under section 1983 requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Municipal liability cannot be predicated on *respondeat superior*. *Id*. Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur, and isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Id*.

Plaintiff does not plead or identify a policy maker and an official policy that was the moving force behind the alleged use of excessive force in his case. He presents no evidence of an official policy or custom of condoning the use of excessive force by police officers during arrests, nor does he show that a policymaker knew of, or was deliberately indifferent to, the policy or custom for use of excessive force. *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). To the contrary, plaintiff asserts only that he was injured by the use

of excessive force during his arrest. This is insufficient to support a section 1983 claim against the City of Houston.

*Conclusion*

The motion for summary judgment (Docket Entry No. 14) is GRANTED and this case is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on January 18, 2011.

_____
Gray H. Miller
United States District Judge